# PRACTICE REPORTS

## SUPREME COURT.

SAMUEL S. PURVIS, appellant agt. JAMES D. GRAY, respondent.

The provision of § 371 of the Code, requiring *service of an offer*, to allow judgment to be corrected, upon the appellant and the justice, is applicable to the party, when the appeal is made by the party in person; but when an *attorney* appeals, section 417 of the Code substitutes the attorney in the place of the party; and the offer must then be served on the *attorney* and the justice.

*Albany General Term, March*, 1869.

MILLER, INGALLS *and* HOGEBOOM, *Justices.*

The plaintiff recovered judgment in justices court for $133.00, and on a new trial in the county court the judgment was reduced to $92.00. The defendant, by his attorney, brought an appeal, and in his notice of appeal claimed that the judgment should have been more favorable to him, in that it should have been for only $40.00. Within fifteen days after service of the notice of appeal, the respondent, by his attorney, served upon the justice, and also on the appellant, personally, a written offer that the judgment might be reduced to $88.00.

After verdict in the county court both parties had their costs duly taxed, and the clerk thereupon docketed a judgment in favor of the respondent, including therein respondent's costs.

The plaintiff moved the county court to correct such judgment by striking out the amount of costs, and by

deducting from the amount of the respondent's verdict the appellant's costs on this appeal—amounting to $47.38.

This motion was denied with ten dollars costs, and the plaintiff appealed to this court.

R. W. PECKHAM, Jr., *for appellant.*
A. J. COLVIN, *for respondent.*

*By the court,* MILLER, J.—According to the provisions of the Code—§ 371, the offer to allow the judgment to be corrected must be served upon the appellant and the justice, and did this section stand alone there would be no question that a strict compliance with its requirements was necessary. It is provided however by § 417, that where a party shall have an attorney in the action the service of papers shall be upon the attorney instead of the party.

I am inclined to think that the latter section was intended to substitute the attorney in the place of the party, in all cases where an attorney has appeared. It is general in its character and cannot be restricted, unless it can be fairly construed not to apply to a proceeding in the nature of an appeal from a judgment rendered in a justice's court. Such an appeal is intended to remove the case to the county court, and the service of the notice of appeal is the first preliminary step towards the accomplishment of this object. When this is done, the county court can compel a return, and has jurisdiction, at least to a certain extent, over the court below. Whether it has authority to compel a compliance with the statute is not important in my opinion, and it is I think, sufficient that an attorney has appeared in the place of the party, to compel the other side to serve all notices upon him. I see no good reason however, why the county court, to whom a return must be made, has not the power, upon the proceedings being properly before it, to control the judgment, which is finally to be enforced. The justice is bound to return all that has transpired before him, and if he fails

Purvis agt. Gray.

to perform his duty in this respect, a remedy exists to compel a return, so far as it is essential, for a proper disposition of the case. Any willful neglect on his part which cannot be remedied by the appellate court, would probably render him responsible for damages.

I cannot therefore, but regard the proceeding as one in the action in which the party is bound to consider the fact, that an attorney has appeared, and adapt his course of action accordingly in the service of papers in the case.

Nor is there any force in the position that the papers to be served upon the justice, might with equal propriety be served upon the attorney; for the statute provides for the service upon two parties, the appellant and the justice, and while another provision makes the attorney a substitute for the appellant, it furnishes none in the place of the justice.

There is no doubt that the service of the notice in this case, was made in good faith upon the appellant in person, and the objection made to the validity of the service is strictly of a technical character; but even if it be conceded that in fairness, the notice should have been returned, we are only authorized to regard the matter in its legal aspect, and looking at it in that point of view, I do not think that a neglect to return a notice illegally served estops a party from taking advantage of the statutory provision. Although it may have come to the knowledge of the attorney, it does not waive the defect, as the statute prescribes the manner and form of the service; and not having been complied with, it is not a lawful and valid service, and in fact no service whatever.

The fact that the provision cited from § 371 of the Code, was enacted when § 417 was in force, does not I think, prevent its application to cases arising under the former section. It must be considered as adopted in reference to existing provisions of the Code, then in force, and does not supersede or render them ineffective. Statutes like the

one referred to, which are thus enacted, obtain no precedence because they are later in point of time and must be construed in reference to existing provisions of a general character, as it must be assumed that they are passed with such provisions in view. The provision of § 371 requiring service upon the appellant, is applicable to the party when the appeal is made by the party in person, but when an attorney appeals, § 417 substitutes the attorney in the place of the party.

I think that the county court was right in its decision and the order must be affirmed with ten dollars costs of appeal.